No. 24-30359

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

State of Louisiana; State of Missouri; State of Arkansas; State of Florida; State of Georgia; State of Idaho; State of Kansas; Commonwealth of Kentucky; State of Mississippi; State of Montana; State of Nebraska; State of Oklahoma; State of South Carolina; State of Utah; State of West Virginia; State of Alabama; State of Indiana; State of Wyoming,

Plaintiffs-Appellants,

v.

Pamela Bondi, U.S. Attorney General; United States Department of Justice; Mary Cheng, in her official capacity as Acting Director of the Executive Office for Immigration Review; Executive Office of Immigration Review; Kristi Noem, Secretary, U.S. Department of Homeland Security; United States Department of Homeland Security; Troy Miller, Senior Official Performing the Duties of the Commissioner, U.S. Customs and Border Protection; United States Customs and Border Protection; Patrick J. Lechleitner, Senior Official Performing the Duties of Director of United States Immigration and Customs Enforcement; United States Immigration and Customs Enforcement; Angelica Alfonso-Royals, Acting Director of U.S. Citizenship and Immigration Services; United States Citizenship and Immigration Services; Raul Ortiz, in his official capacity as Chief of United States Border Patrol; United States Border Patrol; United States of America,

Defendants-Appellees.

On Appeal from the United States District Court
for the Western District of Louisiana, No. 6:22-cv-01130

### BRIEF FOR *AMICUS CURIAE*
### FEDERATION FOR AMERICAN IMMIGRATION REFORM
### IN SUPPORT OF APPELLANTS

***Counsel Listed on Next Page***

**MATT A. CRAPO**
**Federation for American Immigration Reform**
**25 Massachusetts Ave., NW, Suite 330**
**Washington, DC 20001**
**Telephone: (202) 328-7004**
**mcrapo@fairus.org**

**Attorneys for *Amicus Curiae***
**Federation for American Immigration Reform**

# SUPPLEMENTAL STATEMENT OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2.1 and Fed. R. App. P. 26.1, undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.:

1) For non-governmental corporate parties please list all parent corporations: None.

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock: None.

3) The following entity has an interest in the outcome of this case: Federation for American Immigration Reform.

DATED: November 25, 2025    Respectfully submitted,

/s/ Matt Crapo

## TABLE OF CONTENTS

**Page**

SUPPLEMENTAL STATEMENT OF INTERESTED PERSONS

TABLE OF AUTHORITIES ................................................................................... ii

INTEREST OF *AMICUS CURIAE* ........................................................................ 1

ARGUMENT ............................................................................................................ 1

The Court should expedite disposition of this appeal .............................................. 1

CONCLUSION ......................................................................................................... 5

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arizona v. Garland*,
    730 F. Supp. 3d 258 (W.D. La. 2024) ................................................................. 2, 3

*M.M.V. v. Barr*,
    2020 U.S. App. LEXIS 42416 (D.C. Cir. May 15, 2020) ....................................... 4

*Make the Rd. N.Y. v. Wolf*,
    2019 U.S. App. LEXIS 40398 (D.C. Cir. Dec. 12, 2019) ....................................... 4

**STATUTES**

8 U.S.C. § 1225(b)(3) ................................................................................................. 3

8 U.S.C. § 1252(e)(3)(D) ............................................................................................ 4

Laken Riley Act, § 3(a)(2),
    Pub. L. 119-1, 139 Stat. 3 (Jan. 29, 2025) ........................................................ 3, 4

**MISCELLANEOUS**

*Procedures for Credible Fear Screening and Consideration of Asylum,
Withholding of Removal, and CAT Protection Claims by Asylum Officers*,
    87 Fed. Reg. 18078 (Mar. 29, 2022) ..................................................................... 2

# INTEREST OF *AMICI CURIAE*[1]

*Amicus curiae* Federation for American Immigration Reform ("FAIR") is a non-profit 501(c)(3) public interest organization dedicated to informing the public about the effects of both unlawful and lawful immigration, and to defending in court the interests of Americans in limiting overall immigration, enhancing border security, and ending illegal immigration.

FAIR has been involved in more than 100 legal cases since 1980, either as a party or as *amicus curiae*. The decision in this case will likely have an impact on the federal government's ability to identify and deal efficiently, fairly, and lawfully with an illegal alien population estimated to exceed 18 million. FAIR therefore has direct and vital interests in the outcome of this case.

# ARGUMENT

**The Court should expedite disposition of this appeal.**

In this case, Appellants challenge an interim final rule promulgated by the Departments of Justice and Homeland Security that amended regulations governing the procedures for determining certain protection claims and available parole procedures for individuals subject to expedited removal. *See generally*

---

[1] No counsel for a party in this case authored this brief in whole or in part, and no such counsel or party made a monetary contribution intended to fund the preparation of this brief. No person other than *amicus curiae*, its members, or its counsel made a monetary contribution to the preparation or submission of this brief.

1

*Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers* ("Asylum IFR"), 87 Fed. Reg. 18078 (Mar. 29, 2022). Specifically, Appellants contend that the Asylum IFR supplants Congress's prescription that asylum claims raised by aliens in expedited removal proceedings and who establish a credible fear of persecution must be detained for further asylum proceedings before an immigration judge in an adversarial setting. Appellants' Opening Brief ("Op. Br.") at 11-12; *Arizona v. Garland*, 730 F. Supp. 3d 258, 272 (W.D. La. 2024) ("[T]he Asylum IFR profoundly changes the asylum procedures and standards for those aliens otherwise subject to the Expedited Removal Statute, ending the decades-long protocol of considering asylum claims in adversarial proceedings before immigration judges and, instead, placing those determinations in the hands of agency civil servants in non-adversarial proceedings."); *also id.* at 273("DOJ and DHS have created an entirely new immigration procedure by way of the Asylum IFR, purportedly pursuant to authority granted them in § 1225(b).").

The district court concluded that "the Executive Branch acted unlawfully in issuing the Asylum IFR under the Expedited Removal Statute," *id.* at 274, but ultimately dismissed Appellants' claims because they failed to trace the alleged harm specifically to the Asylum IFR. *Id.* at 282 (faulting Appellant States for

2

failing to establish that the "Asylum IFR *specifically* contributed" to their alleged harm) (emphasis added).

After the district court issued its judgment in this case and after Appellants filed their opening brief in this Court,[2] Congress passed and the President signed the Laken Riley Act (the "Act"). The Act provides, in relevant part:

> (3) ENFORCEMENT BY ATTORNEY GENERAL OF A STATE.—The attorney general of a State, or other authorized State officer, alleging a violation of the detention and removal requirements under paragraph (1) or (2) that harms such State or its residents shall have standing to bring an action against the Secretary of Homeland Security on behalf of such State or the residents of such State in an appropriate district court of the United States to obtain appropriate injunctive relief. *The court shall advance on the docket and expedite the disposition of a civil action filed under this paragraph to the greatest extent practicable*. For purposes of this paragraph, a State or its residents shall be considered to have been harmed if the State or its residents experience harm, including financial harm in excess of $100.

Laken Riley Act, § 3(a)(2), Pub. L. 119-1, 139 Stat. 3 (Jan. 29, 2025) (codified at 8 U.S.C. § 1225(b)(3)) (emphasis added).

Because the Asylum IFR alters the procedures for adjudicating asylum claims under the expedited removal statute, there is little question that Appellants'

---

[2] In their opening brief, Appellants demonstrate that they suffered economic injury "in excess of $100" due to both increased unlawful immigration and increases in public benefits provided to asylees due to the Asylum IFR. Op. Br. at 21-34. Appellants further show, *id.* at 36-39, that the district court erred in requiring them to show that "the Asylum IFR, *specifically*, has caused an economic injury." *Id.* at 38 (quoting *Arizona*, 730 F. Supp. 3d at 278) (emphasis added by Appellants).

3

challenge to the rule "alleg[es] a violation of the detention and removal requirements" set forth in paragraphs (1) and (2) of the statute and that their challenge therefore falls within the reach of § 3(a)(2) of the Act.

Under the Act, this Court has an obligation to expedite this appeal. Accordingly, *sua sponte*, this Court should, as the Act directs, "advance on the docket and expedite disposition" of this case "to the greatest extent practicable." Laken Riley Act, § 3(a)(2); *see Make the Rd. N.Y. v. Wolf*, No. 19-5298, 2019 U.S. App. LEXIS 40398, at *6 (D.C. Cir. Dec. 12, 2019) (ordering expedited briefing "on the court's own motion, and in light of the court's obligation to expedite this appeal 'to the greatest possible extent'" (quoting 8 U.S.C. § 1252(e)(3)(D)); *M.M.V. v. Barr*, Nos. 20-5106, 20-5129, 2020 U.S. App. LEXIS 42416, at *3 (D.C. Cir. May 15, 2020) (same). Because this appeal constitutes a civil action within the meaning of the Act, this Court should deny further requests to stay the briefing schedule and expedite consideration of this appeal.

//

//

//

# **CONCLUSION**

For the forgoing reasons, the Court should expedite disposition of this appeal.

DATED: November 25, 2025    Respectfully submitted,

/s/ Matt Crapo
MATT A. CRAPO
Federation for American Immigration Reform
25 Massachusetts Ave., NW, Suite 330
Washington, DC  20001
Telephone: (202) 328-7004
mcrapo@fairus.org

Attorneys for *Amicus Curiae*
Federation for American Immigration Reform

## CERTIFICATE OF SERVICE

I certify that on November 25, 2025, I electronically filed the foregoing *amicus* brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ Matt Crapo

## CERTIFICATE OF COMPLIANCE

The foregoing brief complies with Fed. R. App. P. 29(a)(5) because it contains 946 words, as measured by Microsoft Word software, which is fewer than one-half of the 13,000 word limit for a party's principal brief under Fed. R. App. P. 32(a)(7)(B). The brief also complies with the typeface and style requirements of Fed. R. App. P. 32(a)(5) & 32(a)(6) because it has been prepared in a proportionally spaced, Roman-style typeface of 14 points or more.

DATED: November 25, 2025        Respectfully submitted,

/s/ Matt Crapo