## No. 24-30359

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

State of Louisiana, et al.,

*Plaintiffs-Appellants,*

v.

Pamela J. Bondi[1], In Her Official Capacity as Attorney General of The United States, et al.,

*Defendants-Appellees,*

On Appeal from the United States District Court
for the Western District of Louisiana, Case No. 6:22-cv-01130

### MOTION TO HOLD CASE IN ABEYANCE

BRETT SHUMATE
*Assistant Attorney General*

ELISSA P. FUDIM
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Bondi has been substituted for Merrick Garland as a defendant in this action.

Defendant-Appellees (the government) respectfully move the Court for an order holding this case in abeyance pending rescission of the Rule, referenced below, underlying this litigation. Plaintiff-Appellants state that they oppose any abeyance.

This appeal concerns a rule promulgated by the Departments of Justice and Homeland Security, referred to as *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18078 (Mar. 29, 2022) (IFR). The district court for the Western District of Louisiana dismissed the Plaintiff-States' challenge to the IFR for lack of standing. This appeal followed.

On November 27, 2024, Appellants filed their appellate brief. *Louisiana v. Bondi*, 24-30359**,** Doc. No. 36. Since then, Appellees have requested and obtained from the Court a series of stays of this appeal. *Id*. at Doc. Nos. 71, 80, 86, 92. These stays were sought, and ultimately granted, based on the Departments' stated intention to either rescind or modify the IFR. *See* Spring 2025 Unified Regulatory Agenda, wherein the Departments announced that they were either going to rescind or modify the rule, though the specific path was still being considered.[2]

The government submits that there is good cause to grant this request to further extend the abeyance in this case. DHS, in consultation with EOIR, has

---

[2] Available at:
https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202504&RIN=1615-AC67

decided to "move expeditiously to rescind the provisions of the IFR," including the provisions that created a process for asylum officers to conduct asylum merits interviews ("AMIs"), amended the regulations regarding parole of aliens in expedited removal, streamlined immigration judge removal proceedings for aliens denied asylum in an AMI, and changed credible fear procedures. *See* Exhibit 1, Declaration of Eric Ruark ("Ruark Decl.") at ¶ 6.[3] This process may take the form of multiple rulemakings. *Id.*

Because the IFR is going to be rescinded, this appeal will become moot. Accordingly, to preserve judicial and party resources, Defendant-Appellees request this Court continue to hold this case in abeyance pending rescission of the IFR and extend the stay of all briefing deadlines.

December 22, 2025                    Respectfully submitted,


                                     */s/ Elissa Fudim*
                                     ELISSA P. FUDIM
                                     Trial Attorney
                                     U.S. Department of Justice, Civil Division
                                     Office of Immigration Litigation,
                                     District Court Section
                                     P.O. Box 868, Ben Franklin Station
                                     Washington, DC 20044
                                     Tel: (202) 598-6073
                                     Email: elissa.p.fudim@usdoj.gov

---

[3] This declaration was originally filed on December 19, 2025 in the Northern District of Texas.

No. 24-30359

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

State of Louisiana, et al.,

*Plaintiffs-Appellants*,

v.

Pamela J. Bondi[1], In Her Official Capacity as Attorney General of The
United States, et al.,

*Defendants-Appellees*.

# EXHIBIT 1

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Bondi has been substituted for Merrick Garland as a defendant in this action.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| STATE OF TEXAS, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 2:22-cv-00094 |
| | ) |
| ALEJANDRO MAYORKAS, | ) **DECLARATION OF ERIC RUARK** |
| in his official capacity as | ) |
| Secretary of Homeland Security, *et al.*, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## DECLARATION OF ERIC RUARK

I, Eric Ruark, based upon my personal knowledge and information made known to me in the course of my official employment hereby declare, to the best of my knowledge, information, and belief, as follows relating to the above-captioned matter:

1.     I am the Assistant Secretary for Border Security and Immigration Policy in the Office of Strategy, Policy, and Plans at the Department of Homeland Security. Prior to holding this position, I worked on immigration policy for fifteen years in the non-profit sector. I have personal knowledge regarding the plans for the interim final rule ("IFR") jointly issued by the Departments of Justice and Homeland Security, entitled *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18078 (Mar. 29, 2022).

2.     On August 20, 2021, the Departments of Homeland Security and Justice jointly published a notice of proposed rulemaking ("NPRM"). The NPRM proposed amending the

regulations governing the procedures implementing "further consideration of the application for asylum," 8 U.S.C. § 1225(b)(1)(B)(ii), for individuals subject to expedited removal who are found to have a credible fear of persecution or torture under 8 U.S.C. § 1225(b)(1), and governing whether they may be released during the pendency of that application. *See Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 86 Fed. Reg. 46906 (Aug. 20, 2021); *see also* 87 Fed. Reg. at 18079 (explaining that the NPRM proposed "to amend the regulations governing the process for further consideration of asylum and related protection claims raised by individuals subject to expedited removal and found to have a credible fear of persecution or torture" under § 1225(b)(1)(B)(i)-(ii)).

3.      On March 29, 2022, after reviewing public comments submitted in response to the NPRM, the Departments issued the IFR at issue in this case. *See* 87 Fed. Reg. 18078. As the IFR indicated, the Departments issued the IFR to implement § 1225(b)(1) and the "further consideration of the application for asylum" that the statute provides "if an asylum officer determines that a noncitizen subject to expedited removal has a credible fear of persecution." 87 Fed. Reg. at 18080. The "IFR addresses how that further consideration … will occur." *Id.* at 18080; *see also id.* at 18085 ("[T]his rule establishes a new process by which such 'further consideration' may occur, wherein a noncitizen will have their asylum claim adjudicated following an Asylum Merits interview before a USCIS asylum officer in the first instance, rather than by an IJ in section 240 removal proceedings.").

4.      As of June 6, 2024, U.S. Citizenship and Immigration Services ("USCIS"), paused new family unit enrollment in the Asylum Merits Interview ("AMI") process and has not restarted enrollments since.  USCIS has no intention of resuming the AMI process in the future.

5.      As initially publicly announced in the Spring 2025 Unified Regulatory Agenda, the Departments have already decided to either rescind or modify the IFR.  *See Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 1615-AC67 (*available at* https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202504&RIN=1615-AC67).

6.      At this time, DHS, in consultation with the Department of Justice Executive Office for Immigration Review, has decided to move expeditiously to rescind the provisions of the IFR, including the provisions that created AMIs, amended the regulations regarding parole of aliens in expedited removal, streamlined immigration judge removal proceedings for aliens denied asylum in an AMI, and changed credible fear procedures.  This process may take the form of multiple rulemakings.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Executed this 19th day of December, 2025.


*Eric A Ruark*
_____
Eric Ruark
Assistant Secretary for Border & Immigration Policy
U.S. Department of Homeland Security