No. 24-30359

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

State of Louisiana, et al.,

*Plaintiffs-Appellants*,

v.

Pamela J. Bondi[1], In Her Official Capacity as Attorney General of The United States, et al.,

*Defendants-Appellees*,

On Appeal from the United States District Court
for the Western District of Louisiana, Case No. 6:22-cv-01130

**OPPOSITION TO MOTION TO EXPEDITE BRIEFING**

| | |
|---|---|
| BRETT SHUMATE<br>*Assistant Attorney General* | ELISSA P. FUDIM<br>*Trial Attorney*<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation,<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044 |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Bondi has been substituted for Merrick Garland as a defendant in this action.

Defendant-Appellees (the government) hereby oppose the amicus motion filed by Federation for American Immigration Reform ("FAIR") requesting expedited briefing in this appeal, and denial of all requests by the parties to stay this appeal. *See* Doc. No. 121.

## BACKGROUND:

This appeal concerns a rule promulgated by the Departments of Justice and Homeland Security, referred to as *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18078 (Mar. 29, 2022) (IFR).

On August 20, 2021, the Departments of Homeland Security and Justice jointly (the Executive Office for Immigration Review "EOIR"), jointly "the Departments") published a notice of proposed rulemaking ("NPRM"). The NPRM proposed amending the regulations governing the procedures implementing "further consideration of the application for asylum," 8 U.S.C. § 1225(b)(1)(B)(ii), for individuals subject to expedited removal who are found to have a credible fear of persecution or torture under 8 U.S.C. § 1225(b)(1), and the procedures addressing whether they may be released during the pendency of that application. 86 Fed. Reg. 46906 (proposed Aug. 20, 2021); *see also* 87 Fed. Reg. at 18079 (explaining that the NPRM proposed "to amend the regulations governing the process for further consideration of asylum and related protection claims raised by individuals subject

to expedited removal and found to have a credible fear of persecution or torture" under 8 U.S.C. § 1225(b)(1)(B)(i)-(ii)).

On March 29, 2022, after receiving and reviewing public comments submitted in response to the NPRM, the Departments issued the IFR. 87 Fed. Reg. 18078. As the NPRM indicated, the Departments issued the IFR to implement § 1225(b)(1), which the IFR notes "provides that if an asylum officer determines that a noncitizen subject to expedited removal has a credible fear of persecution, the noncitizen shall receive 'further consideration of the application for asylum.'" 87 Fed. Reg. at 18080. The "IFR addresses how that further consideration, including of the noncitizen's related claims to statutory withholding of removal and [Convention Against Torture] protection, will occur," *id.* at 18080—namely by allowing an asylum officer to make a decision on the merits rather than referring the application to the immigration courts. *Id.*

On April 28, 2022, Appellants filed a complaint challenging the IFR. *Arizona, et al. v. Garland*, 6:22-cv-01130-DCJ-CBW, Doc. No. 2. They twice amended their complaint. *Id.*, Doc. Nos. 14, 86. In the operative Second Amended Complaint, filed on November 10, 2022, Appellants alleged that the IFR's adjudication and parole provisions violate the APA as arbitrary and capricious; exceed statutory authority; lacked notice and comment; and violate the Secure Fence Act and the Take Care Clause of the U.S. Constitution. *Id.*, Doc. No. 86. Appellants alleged that the IFR

would increase grants of non-meritorious asylum claims, which would in turn, require the States to provide status-dependent benefits in the areas of education, healthcare, public assistance, and other general government services at an increased costs to the States. *Id*.

Following a lengthy period of jurisdictional discovery, on December 22, 2024, Appellees moved to dismiss, raising a factual attack on standing under Federal Rule 12(b)(1) and seeking dismissal for failure to state a claim under Rule 12(b)(6). *Id*. at Doc. No 214. On April 16, 2024, the district court for the Western District of Louisiana dismissed the Plaintiff-States' challenge to the IFR for lack of standing. *Id*. Doc. No. 235. This appeal followed.

On November 27, 2024, Appellants filed their appellate brief. *Louisiana v. Bondi*, 24-30359, Doc. No. 36. Since then, Appellees have requested and obtained from the Court a series of stays of this appeal. *Id*. at Doc. Nos. 71, 80, 86, 92. These stays were sought, and ultimately granted, based on the Departments' stated intention to either rescind or modify the IFR. *See* Spring 2025 Unified Regulatory Agenda, wherein the Departments announced that they were either going to rescind or modify the rule, though the specific path was still being considered.[2]

---

[2] Available at: https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202504&RIN=1615-AC67

DHS, in consultation with EOIR, has now decided to "move expeditiously to rescind the provisions of the IFR," including the provisions that created a process for asylum officers to conduct asylum merits interviews ("AMIs"), amended the regulations regarding parole of aliens in expedited removal, streamlined immigration judge removal proceedings for aliens denied asylum in an AMI, and changed credible fear procedures. *See* Exhibit 1, Declaration of Eric Ruark ("Ruark Decl.") at ¶ 6.[3] This process may take the form of multiple rulemakings. *Id*.

In the meantime, and notably, U.S. Citizenship and Immigration Services ("USCIS"), paused new family unit enrollment in the AMI process as of June 6, 2024, and has not restarted enrollments since that time. Ruark Decl. at ¶ 4. USCIS has no intention of resuming the AMI process in the future. *Id*.

## **ARGUMENT**

FAIR claims that the Laken Riley Act, § 3(a)(2), Pub. L. 119-1, 139 Stat. 3 (Jan. 29, 2025) (codified at 8 U.S.C. § 1225(b)(3)), compels the Court to expedite briefing in this appeal and deny all requests for stays of this appeal. FAIR is wrong.

The expedited briefing provision of the Laken Riley Act does not apply to this appeal. First, Section 1225(b)(3) requires expedited judicial review only for cases alleging a violation of the "detention and removal requirements" under Sections

---

[3] The Ruark declaration was first filed on December 19, 2025 in an action pending in the Northern District of Texas.

1225(b)(1) and (b)(2). *See* 8 U.S.C. § 1225(b)(3). Although the IFR concerns the implementation of Section 1225(b)(1), it does not regulate the "detention and removal requirements" under Section 1225(b)(1); rather, it establishes procedures for the adjudication of asylum, withholding of removal, and CAT claims following a credible fear determination. See 87 Fed. Reg. at 18079–80.[4]

FAIR's reliance on *Make the Rd. N.Y. v. Wolf* and *M.M.V. v. Barr*, Doc. No. 121 at 4, is misplaced. Those cases involved a statutory mandate for expedited review under 8 U.S.C. § 1252(e)(3)(D), which expressly directs courts to adjudicate challenges brought under 8 U.S.C. § 1252(e) "to the greatest possible extent." See *Make the Rd. N.Y. v. Wolf*, No. 19-5298, 2019 WL 13192054, at *1 (D.C. Cir. Dec. 12, 2019); *M.M.V. v. Barr*, Nos. 20-5106, 2020 WL 2515998, at *1 (D.C. Cir. May 15, 2020).

This case arises under a different statutory framework. FAIR does not invoke Section 1252(e)(3); the Appellants did not invoke Section 1252(e) in their Second Amended Complaint; and the challenged IFR does not fall within that provision's narrow scope governing systemic challenges to expedited removal determinations. Instead, Appellants challenge an asylum-adjudication rule that reallocates decision

---

[4] Additionally, Section 8 U.S.C. § 1225(b)(3) applies where States(s) have been harmed. The Appellants' claims of harm in this case were rejected by the district court. It is questionable whether Section 1225(b)(3) would apply to an appeal in these circumstances.

making authority and modifies post–credible fear procedures. Moreover, unlike in *Make the Rd. N.Y.* and *M.M.V.*, where the challenged guidance were actively being implemented and carried immediate legal consequences, DHS has paused implementation of the IFR's operative provisions and has committed to rescinding the rule. *See* Ruark Decl. at ¶¶ 4, 6.

As set forth in the accompanying declaration, DHS has paused implementation of the IFR's operative provisions and has committed to rescinding the IFR through notice-and-comment rulemaking(s). *See* Ruark Decl. at ¶¶ 4, 6. Under these circumstances, expedited briefing would not further the purposes of Section 1225(b)(3) and would needlessly expend the parties' and the Court's resources. The Court should deny FAIR's motion.

December 22, 2025                           Respectfully submitted,


                                            */s/ Elissa Fudim*
                                            ELISSA P. FUDIM
                                            Trial Attorney
                                            U.S. Department of Justice, Civil Division
                                            Office of Immigration Litigation,
                                            District Court Section
                                            P.O. Box 868, Ben Franklin Station
                                            Washington, DC 20044
                                            Tel: (202) 598-6073
                                            Email: elissa.p.fudim@usdoj.gov

No. 24-30359

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

State of Louisiana, et al.,

*Plaintiffs-Appellants*,

v.

Pamela J. Bondi[1], In Her Official Capacity as Attorney General of The United States, et al.,

*Defendants-Appellees*.

# EXHIBIT 1

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Bondi has been substituted for Merrick Garland as a defendant in this action.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 2:22-cv-00094 |
| ) | |
| ALEJANDRO MAYORKAS, ) | **DECLARATION OF ERIC RUARK** |
| in his official capacity as ) | |
| Secretary of Homeland Security, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

**DECLARATION OF ERIC RUARK**

I, Eric Ruark, based upon my personal knowledge and information made known to me in the course of my official employment hereby declare, to the best of my knowledge, information, and belief, as follows relating to the above-captioned matter:

1. I am the Assistant Secretary for Border Security and Immigration Policy in the Office of Strategy, Policy, and Plans at the Department of Homeland Security. Prior to holding this position, I worked on immigration policy for fifteen years in the non-profit sector. I have personal knowledge regarding the plans for the interim final rule ("IFR") jointly issued by the Departments of Justice and Homeland Security, entitled *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18078 (Mar. 29, 2022).

2. On August 20, 2021, the Departments of Homeland Security and Justice jointly published a notice of proposed rulemaking ("NPRM"). The NPRM proposed amending the

regulations governing the procedures implementing "further consideration of the application for asylum," 8 U.S.C. § 1225(b)(1)(B)(ii), for individuals subject to expedited removal who are found to have a credible fear of persecution or torture under 8 U.S.C. § 1225(b)(1), and governing whether they may be released during the pendency of that application. *See Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 86 Fed. Reg. 46906 (Aug. 20, 2021); *see also* 87 Fed. Reg. at 18079 (explaining that the NPRM proposed "to amend the regulations governing the process for further consideration of asylum and related protection claims raised by individuals subject to expedited removal and found to have a credible fear of persecution or torture" under § 1225(b)(1)(B)(i)-(ii)).

3. On March 29, 2022, after reviewing public comments submitted in response to the NPRM, the Departments issued the IFR at issue in this case. *See* 87 Fed. Reg. 18078. As the IFR indicated, the Departments issued the IFR to implement § 1225(b)(1) and the "further consideration of the application for asylum" that the statute provides "if an asylum officer determines that a noncitizen subject to expedited removal has a credible fear of persecution." 87 Fed. Reg. at 18080. The "IFR addresses how that further consideration … will occur." *Id.* at 18080; *see also id.* at 18085 ("[T]his rule establishes a new process by which such 'further consideration' may occur, wherein a noncitizen will have their asylum claim adjudicated following an Asylum Merits interview before a USCIS asylum officer in the first instance, rather than by an IJ in section 240 removal proceedings.").

4. As of June 6, 2024, U.S. Citizenship and Immigration Services ("USCIS"), paused new family unit enrollment in the Asylum Merits Interview ("AMI") process and has not restarted enrollments since. USCIS has no intention of resuming the AMI process in the future.

5. As initially publicly announced in the Spring 2025 Unified Regulatory Agenda, the Departments have already decided to either rescind or modify the IFR. *See Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 1615-AC67 (*available at* https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202504&RIN=1615-AC67).

6. At this time, DHS, in consultation with the Department of Justice Executive Office for Immigration Review, has decided to move expeditiously to rescind the provisions of the IFR, including the provisions that created AMIs, amended the regulations regarding parole of aliens in expedited removal, streamlined immigration judge removal proceedings for aliens denied asylum in an AMI, and changed credible fear procedures. This process may take the form of multiple rulemakings.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of December, 2025.

_____
Eric Ruark
Assistant Secretary for Border & Immigration Policy
U.S. Department of Homeland Security