## No. 24-30359

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

State of Louisiana, et al.,

*Plaintiffs-Appellants*,

v.

Todd Blanche[1], In His Official Capacity as
Acting United States Attorney General, et al.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Western District of Louisiana, Case No. 6:22-cv-01130

## MOTION TO EXTEND ABEYANCE

BRETT SHUMATE
*Assistant Attorney General*

ELISSA P. FUDIM
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

---

[1]   Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche has been substituted for Pam Bondi as a defendant in this action.

Defendants-Appellees (the government) respectfully move the Court for an order extending the abeyance in this case pending rescission of the Rule, referenced below, underlying this litigation. Plaintiffs-Appellants oppose the relief sought herein.

This appeal concerns a rule promulgated by the Departments of Justice and Homeland Security ("DHS"), referred to as *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18078 (Mar. 29, 2022) ("IFR"). The district court for the Western District of Louisiana dismissed the Plaintiff-States' challenge to the IFR for lack of standing. This appeal followed.

On November 27, 2024, Appellants filed their appellate brief. *Louisiana v. Bondi*, 24-30359**,** Doc. No. 36. Since then, the government has requested and obtained from the Court a series of stays of this appeal. *Id*. at Doc. Nos. 71, 80, 86, 92, 132-2. These stays were sought, and ultimately granted, based on the government's stated intention to either rescind or modify the IFR. *See* Spring 2025 Unified Regulatory Agenda, wherein the government announced that they were either going to rescind or modify the rule, though the specific path was still being considered.[2]

---

[2] Available at:
https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202504&RIN=1615-AC67 (last visited July 9, 2026).

As the government reported in December 2025, DHS, in consultation with the Executive Office of Immigration Review, decided to "move expeditiously to rescind the provisions of the IFR," including the provisions that created a process for asylum officers to conduct asylum merits interviews ("AMIs"), amended the regulations regarding parole of aliens in expedited removal, streamlined immigration judge removal proceedings for aliens denied asylum in an AMI, and changed credible fear procedures. *See* Doc. No. 123, Exh. 1, Declaration of Eric Ruark at ¶ 6.

The government submits that this case should remain stayed for the reasons previously set forth. Though the government cannot commit to a date for publication of the rulemaking(s) that will rescind the provisions of the IFR, work to accomplish that goal remains ongoing.

Because the IFR is going to be rescinded, this appeal will become moot. Accordingly, to preserve judicial and party resources, Defendant-Appellees request this Court continue to hold this case in abeyance pending rescission of the IFR and extend the stay of all briefing deadlines.

 July 10, 2026                                    Respectfully submitted,


                                                 */s/ Elissa Fudim*
                                                 ELISSA P. FUDIM
                                                 Trial Attorney
                                                 U.S. Department of Justice, Civil Division
                                                 Office of Immigration Litigation

P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov